UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jose Ruiz, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 7:11-cv-02480-GRA |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| Bank of America NA, et al., | ) | (Written Opinion) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion to Dismiss all five of Plaintiff's causes of action. (ECF No. 4). On September 22, 2011, Defendants filed their Motion to Dismiss and Memorandum in Support of the Motion to Dismiss. Defendant argues that the five claims at issue (declaratory judgment, breach of contract, violation of South Carolina Deceptive Trade Practices Act, promissory estoppel, and a violation of the Real Estate Settlement Procedures Act) are subject to dismissal on the pleadings under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff has responded in opposition, and a hearing was held on December 19, 2011. For the reasons stated below, Defendant's Motion is DENIED.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a

complaint, as governed by Rule 8." *Fed. Trade Comm'n v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 384 (D. Md. 2009).  When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted).  The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *id.* at 1950.   The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.  The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

This Court, after a careful review of the pleadings and hearing oral arguments on the motion, holds that the Plaintiff has met his burden under *Iqbol*, and concludes that the complaint pleads sufficient facts for which this Court can infer a plausible claim for relief.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 21, 2011
Anderson, South Carolina